MEMORANDUM **
Having pled guilty, Defendant-Appellant Jason Matson (“Matson”) appeals the district court’s denial of his motion to suppress evidence. We address each of his arguments in turn.
Matson first argues that border patrol agents did not have reasonable suspicion to stop his vehicle. To conduct an investigatory stop, an officer must have “a reasonable suspicion that the particular person being stopped has committed or is about to commit a crime.” United States v. Montero-Camargo, 208 F.3d 1122, 1129 (9th Cir.2000) (en banc) (emphasis removed). In the border patrol context, reasonable suspicion can be based on the “(1) characteristics of the area [in which the vehicle is encountered]; (2) proximity to the border; (3) usual patterns of traffic and time of day; (4) previous alien or drug smuggling in the area; (5) behavior of the drive[r] including obvious attempts to evade officers; (6) appearance or behavior of the passengers; (7) model and appearance of the vehicle; and (8) officer experience.” United States v. Tiong, 224 F.3d 1136, 1139 (9th Cir.2000).
The border patrol agents had reasonable suspicion to pull Matson over. They were situated in Danville, Washington, a small, isolated town close to the Canadian border, which, probably due to those three characteristics, had become a hot spot for illicit smuggling activity. Adding to the agents’ already-heightened awareness was their discovery of Ecstasy and Ritalin behind the Danville market the day before. Matson, driving a rental car, pulled in to the same market at 9:50 p.m., almost two hours after it had closed. *305 When Matson, “kind of covering his face,” proceeded to use a pay phone while holding a cell phone in his hand, the agents had enough evidence of criminal wrongdoing to justify stopping Matson’s vehicle shortly after it left the market.
Matson next argues that even if the stop was justified, he was detained longer than was reasonable under the circumstances. This claim too is without merit. As an initial matter, the district court’s finding that the stop lasted 35 minutes was not clearly erroneous. As to the reasonableness of the 35-minute stop, the agents needed a certified canine to complete their investigation into whether Matson was involved in illegal drug activity. Finding the only such canine in the area took some time, but there is nothing to suggest that the agents did anything less than “diligently pursue[ ] a means of investigation that was likely to confirm or dispel their suspicions quickly.” United States v. Sharpe, 470 U.S. 675, 686, 105 S.Ct. 1568, 84 L.Ed.2d 605 (1985).
Finally, Matson argues that the canine used to detect and find the drugs was not reliable. The dog’s below-average score on one of twenty-eight testing categories (while scoring average or above average on the remaining twenty-seven) did not render it unreliable.
AFFIRMED.